**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

**UNITED STATES OF AMERICA**                    **CASE NO.  2:26-mj-00048-01**

**VERSUS**

**CELIA MARROQUINE LOZANO**            **MAGISTRATE JUDGE LEBLANC**

## MEMORANDUM ORDER

Before the court is defendant Celia Marroquine Lozano's Emergency Motion to Dismiss Criminal Complaint and Motion for Release from Custody. Doc. 20.  The United States of America (the "Government") has noy yet responded; however, the instant motions are identical to motions filed in *United States of America v. Jose Armando Ochoa*, Case. No. 2:26-mj-00047 (W.D. La.), which arises from the same criminal conduct alleged in the instant matter, and to which the Government did file an opposition brief.  As the issues are the same in this and the *Ochoa* motions, and so too the result, the Court does not see the need to await the Government's response.

For the reasons stated below, the Motions [doc. 20] are **DENIED**.

## I.
### BACKGROUND

On February 12, 2026, Lozano was driving a vehicle that was stopped by officers with the Calcasieu Parish Sheriff's Office in Calcasieu Parish, Louisiana.  Doc. 1, att. 1, ¶¶ 5-6. A consensual search of the vehicle uncovered approximately 15 kilograms of a white powdery substance that field tested positive for cocaine. *Id*. at ¶¶ 5 & 7.  Lozano was arrested and the Sheriff's Office contacted Homeland Security Investigations ("HSI") about the incident.  *Id*. at ¶ 5.  On February 20, 2026, in response to a request by HSI, this court issued a criminal complaint charging Lozano with violations of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Doc. 1.  Pursuant to the criminal complaint, a federal warrant for Lozano's arrest was issued that same day. Doc. 2.

On February 23, 2026, the Government moved for a Writ of Habeas Corpus Ad Prosequendum to be issued to the Warden of the Calcasieu Correctional Center, where Lozano was being confined after her arrest on state charges related to the traffic stop and drug seizure. Doc. 3. The court granted the motion [doc. 4], and the Writ was issued that same day, February 23, 2026, directing the Warden to surrender Lozano to the United States Marshals Service and/or HSI to produce her in this court for her initial appearance in this matter set for March 2, 2026 [doc. 5]. The previously issued arrest warrant was then executed on March 2, 2026. Doc. 6.

Through appointed counsel Lozano now moves for the charges in the instant criminal complaint to be dismissed and for her immediate release from federal custody. Doc. 20. Specifically, Lozano alleges the time period prescribed by the Speedy Trial Act in which the Government must file a bill of information or indict Lozano has passed, warranting dismissal of the criminal complaint and immediate release pursuant to 18 U.S.C. §§ 3161(b) and 3162(a)(1). Doc. 20, att. 1, pp. 1-2. She argues that since she was arrested for the instant charges on February 12, 2026, the thirty-day window to file an information or to indict her, set by both statute and this court's detention order,[1] expires at the end of March 16, 2026. *Id.* at p. 2.

## II.
### LAW & ANALYSIS

Pursuant to the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). "If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by

---

[1] The detention order issued by this court following Ochoa's initial appearance on the criminal complaint states that he must be released from federal custody if "within the thirty (30) day period set by 18 U.S.C. § 3161(b) no information or indictment is filed." Doc. 16.

section 3161(b)[,] . . . such charge against that individual contained in such complaint shall be dismissed or otherwise dropped." 18 U.S.C.A. § 3162(a)(1).

A defendant is considered "arrested" for purposes of triggering Speedy Trial Act deadlines "when they are 'taken into custody after a federal arrest for the purpose of responding to a federal charge.'" *United States v. Mearis*, 36 F.4th 649, 653 (5th Cir. 2022) (quoting *United States v. Johnson*, 815 F.2d 309, 312 (5th Cir. 1987)). Accordingly, a defendant's arrest on state charges will not trigger the Speedy Trial Act. *See United States v. Kelley*, 40 F.4th 276, 283 (5th Cir. 2022) ("Thus, 'even if state and federal officials are cooperating at the time,' an arrest by state officers 'does not start the running of the 30-day time period.'"); *United States v. Charles*, 883 F.2d 355, 356 (5th Cir. 1989) ("So only if Charles' arrest was a federal arrest would the Speedy Trial time period begin to run."), *cert. denied*, 493 U.S. 1033, 110 S. Ct. 750 (Mem), 107 L. Ed. 2d 767 (1990); *United States v. Taylor*, 814 F.2d 172, 174–75 (5th Cir.) ("The Speedy Trial Act does not begin to run when the defendant is arrested by state authorities on state charges, nor does it begin when a federal detainer is lodged with state authorities." (citing *United States v. Shahryar*, 719 F.2d 1522, 1524 (11th Cir. 1983)), *cert. denied,* 484 U.S. 865, 108 S. Ct. 186, 98 L. Ed. 2d 138 (1987).

Although Lozano was arrested by state authorities on February 12, 2026, for the same conduct that ultimately led to the criminal complaint issued in this matter, she was not arrested for purposes of the Speedy Trial Act until March 2, 2026, when she was placed in the custody of federal agents to answer the federal charges. *See United States v. Johnson*, 815 F.2d 309, 312 (5th Cir. 1987) ("We conclude that Johnson was not arrested within the meaning of section 3161(b) until he was turned over to federal officials following his release from state custody . . . . It was only at that point that Johnson was under federal arrest in connection with the formal federal charges on which he was eventually convicted."), *cert. denied,* 484 U.S. 1068, 108 S. Ct. 1032, 98

L. Ed.2d 996 (1988).  Thus, the thirty-day period in which the Government is required to file a bill of information or to indict Lozano did not begin until March 2, 2026, and has not expired as of the date of this Order.  As no violation of § 3161(b) of the Speedy Trial Act has occurred yet, the sanction of dismissal as set out in § 3162(a)(1) is unwarranted at this juncture.  Accordingly, the instant Motions [doc. 20] are premature.

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Celia Marroquine Lozano's Emergency Motions to Dismiss Criminal Complaint and for Release from Custody [doc. 20] are **DENIED**.

**THUS DONE AND SIGNED** in chambers this 17th day of March, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**